UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANIS T. HILL,

        Petitioner,

v.                                        CASE NO. 07-13978
                                        HONORABLE VICTORIA A. ROBERTS

JERI ANN SHERRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Ranis T. Hill has file a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The Habeas Petition challenges Petitioner's state conviction for uttering and publishing a forged check. Respondent Jeri Ann Sherry urges the Court through counsel to deny the Habeas Petition. The Court agrees with Respondent that Petitioner's claims lack merit or are not cognizable on habeas review. Therefore, the Habeas Petition will be denied.

**I. Background**

Following a jury trial on April 14, 2004, Petitioner was convicted in Jackson County, Michigan of uttering and publishing a forged check. *See* MICH. COMP. LAWS § 750.249. On May 20, 2004, Jackson County Circuit Judge Edward J. Grant sentenced Petitioner as a habitual offender to imprisonment for twenty-eight months (two years, four months) to 252 months (twenty-one years). In an appeal of right, Petitioner challenged the scoring of the state sentencing guidelines. The Michigan Court of Appeals affirmed his sentence in an unpublished, *per curiam* opinion. *See People v. Hill*, No. 256184 (Mich. Ct. App. Sept. 27, 2005). On

December 27, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. Hill*, 474 Mich. 985; 707 N.W.2d 198 (2005) (table).[1]

On or about August 4, 2006, Petitioner filed a motion for relief from judgment in which he argued that the Michigan Legislature violated the enacting and title-object clauses of the Michigan Constitution when it enacted the uttering and publishing statute. The trial court found the issue to be meritless and denied Petitioner's motion. The Michigan Court of Appeals denied leave to appeal the trial court's decision, stating that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Hill*, No. 273202 (Mich. Ct. App. May 3, 2007). On September 10, 2007, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Hill*, 480 Mich. 859; 737 N.W.2d 724 (2007).

Petitioner filed his Habeas Corpus Petition on September 20, 2007. He alleges that the trial court (1) exceeded the sentencing guidelines and (2) lacked subject matter jurisdiction because the statute did not have an enacting clause or title.

Respondent asserts that Petitioner's first claim is procedurally defaulted because Petitioner did not raise the constitutional portion of his argument in state court and he no longer has an available remedy to exhaust. Respondent contends that Petitioner's second claim is procedurally defaulted because Petitioner failed to raise that claim on direct appeal.

Neither of Petitioner's claims has merit, and procedural default is not a jurisdictional bar to substantive review of a meritless claim. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003)

---

[1] Justice Marilyn Kelly voted to hold the case in abeyance for *People v. Drohan*, *leave granted*, 472 Mich. 881; 693 N.W.2d 823 (2005).

(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Court therefore will excuse the alleged procedural errors and will proceed to address Petitioner's claims under the following standard of review.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involve/d an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

## III. Discussion

## A. The Sentence

The first habeas claim alleges that the trial exceeded the state sentencing guidelines and violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In support of his constitutional claim, Petitioner cites *Blakely v. Washington*, 542 U.S. 296 (2004).

The Court begins its discussion by noting that the trial court did not exceed the State's sentencing guidelines. The guidelines apply only to the minimum sentence, Mich. Comp. Laws § 769.34(2), and in this case, the guidelines were calculated to be seven to twenty-eight months. (Tr. May 20, 2004, at 11.)[2] Petitioner was sentenced to a minimum term of twenty-eight months in prison. *Id*. Because his minimum sentence was the maximum amount to which he could be sentenced within the guidelines, his claim that the trial court exceeded the guidelines has no basis in fact.

Even if the trial court had exceeded the sentencing guidelines, "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at **2 (6th Cir. Sept. 16, 2003) (unpublished opinion citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

---

[2] The guidelines were initially scored at zero to eleven months. At the sentencing, the trial court added twenty points to prior record variable 7 and ten points to offense variable 13. The additional thirty points resulted in a revised guideline range of seven to twenty-eight months.

treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)).

Petitioner's constitutional argument is based on the Supreme Court's decision in *Blakely*. The Supreme Court held in *Blakely* and in other cases that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California*, 549 U.S. 270, 863-64 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id*. at 860. In *Blakely*, the Supreme Court explained that "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (emphasis in original).

A majority of the Supreme Court indicated in *Blakely* that its decision applied only to determinate sentencing systems. *See id*. at 308-09. Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Harper*, 479 Mich. 599, 613-14; 739 N.W.2d 523, 532-33 (2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1444 (2008); *People v. Claypool*, 470 Mich. 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). Because Michigan's sentencing scheme is an indeterminate one, *Blakely* does not apply to Petitioner's sentence.

### B. The Statute and the Trial Court's Jurisdiction

The second and final habeas claim alleges that the trial court lacked subject matter

jurisdiction because the uttering and publishing statute was not enacted in compliance with the enabling and title-object clauses of the Michigan Constitution. The "[d]etermination of whether a state court [wa]s vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Furthermore, the alleged violations of state law are not a basis for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner has no right to relief on the basis of his second claim.

## IV. Conclusion

The state appellate courts' rejection of Petitioner's claims did not result in decisions that were contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the application for a writ of habeas corpus is **DENIED.** The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: April 30, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 30, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk